Dear Mr. Landreneau:
As attorney for the Beauregard Parish Police Jury ("police jury") and the South Beauregard Recreation District No. 2 ("recreation district") you have requested an opinion of this office regarding various questions that have arisen as the police jury and recreation district plan to jointly construct a multi-purpose community center/recreation complex.
According to your request, the recreation district was created by the police jury and encompasses the boundaries of police jury wards four and six. There are currently no recreation or community centers in those areas that meet the needs of the residents of wards four or six. Therefore, the police jury and recreation district would like to work together to construct a community center/recreation district in that area of Beauregard Parish. On November 2, 2010, the voters of wards four and six approved a property tax millage for the purpose of "acquiring, improving, maintaining, operating and/or supporting parks, playgrounds, a multi-purpose recreation/community center and other recreational facilities in the District, together with the necessary furnishings, equipment and programs therefore." Your request further states that both the police jury and recreation district own property upon which the project may be built. In light of these facts, you have asked the following: *Page 2 
(1) May the police jury and recreation district build a multi-purpose community center/recreation complex with funds contributed from each entity pursuant to a cooperative endeavor agreement?
(2) If so, can the community center/recreation complex be constructed on lands owned solely by one entity or the other?
(3) If the police jury and recreation district may cooperate for this project, can the community center/recreation complex be used by other public bodies to provide services in the southern portion of Beauregard Parish, including but not limited to such agencies as the Council on Aging, the Beauregard Parish Sheriff's Department, the Beauregard Parish Health Unit, the Beauregard Parish Clerk of Court's Office, the Beauregard Parish Registrar of Voter's Office, and other agencies. If so, is a cooperative endeavor agreement necessary with each and every agency for the use of the facilities?
In response to your first question, the police jury and recreation district are authorized to enter into a cooperative endeavor agreement to construct the community center/recreation complex. Cooperative endeavor agreements, such as the one proposed here, are authorized by La.Const. art. VII, Sec. 14(C) and La.R.S. 33:1324(5).[1] La.Const. art. VII, Sec. 14(C) provides:
For a public purpose, the state and its political subdivisions or political corporation may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.[2]
Constructing a community center/recreation complex is a task that the police jury and recreation district are each authorized to undertake. Specific authority for *Page 3 
the cooperative endeavor agreement for the project is found in La.R.S.33:1324(5), which states that political subdivisions may cooperate to construct, acquire or improve "recreational and educational facilities, such as playgrounds, recreation centers, parks and libraries." Further, the tax proposition approved by the voters, which will be one source of funding for the project, was for the purpose of constructing a community center/recreation complex. Therefore, as long as the police jury and recreation district are each able to effectively demonstrate that they have a reasonable expectation of receiving a benefit at least equivalent to the amount that will be expended or transferred, it is our opinion that the proposed transaction would be acceptable.
Secondly, you ask whether the community center/recreation complex may be constructed on land owned solely by the police jury or the recreation district as each political subdivision has property that could be used for this project. Since both the police jury and recreation district are public bodies, there is no concern that the new community center/recreation complex, constructed with public funds, may become the property of a private party. In fact, in the event the recreation district were ever dissolved by the police jury pursuant to La.Const. art. VI, Sec. 15, the recreation district's assets (and liabilities) would become police jury assets (and liabilities).[3] Therefore, it is the opinion of this office that the community center/recreation complex may be built on the property owned by either the police jury or the recreation district or some combination of the two.[4]
Finally, your request states that the community center/recreation complex would be used by public bodies other than the police jury and recreation district (i.e., the Council on Aging, the Beauregard Parish Sheriffs Department, the Beauregard Parish Health Unit, the Beauregard Parish Clerk of Court's Office, the Beauregard Parish Registrar of Voter's Office, etc.) to provide services in the southern portion of Beauregard Parish. Therefore, you ask whether a cooperative endeavor agreement is necessary with each and every agency for the use of the facility. It is our understanding that some of these entities may use the community center/recreation complex on an ongoing bases (i.e., for office space) and other entities may use the space occasionally for meetings. It is our opinion that a cooperative endeavor agreement is necessary for the long-term use of the facility by another public entity but not for short-term use.
With regard to whether the building may be used by a public body on a long-term basis, La.R.S. 33:1324 permits political subdivisions to cooperate among themselves, including the joint use of facilities, so long as "at least one of the participants to the agreement is authorized under a provision of general or *Page 4 
special law to perform such activity or exercise such joint power as may be necessary for completion of the undertaking." For example, La.R.S.33:1324(1) specifically authorizes political subdivisions to cooperate on activities related to "police, health and fire protection." Therefore, if the local law enforcement district wanted to enter into a cooperative endeavor agreement with the police jury and recreation district for a use of the facility that would accomplish police protection, such use would be permitted under a cooperative endeavor agreement pursuant to La.R.S.33:1324(1), provided the agreement did not violate La.Const. art. VII, Sec. 14(A).
With regard to the short-term use of the facility by public entities, we are of the opinion that the police jury and recreation district have the discretion to allow the limited use of the facility without invoking the provisions of La.R.S. 33:4712[5] because the lease of a building space that is not for the exclusive use of any one person or entity is not a `lease' as the term is used in La.R.S. 41:1211. See La. Atty. Gen. Op. Nos. 10-0006, 03-0218, 02-0363, 00-0340, 00-322, and 97-386. The police jury and recreation district have an obligation to ensure they receive a value or benefit that is commensurate with the use of the facility in order to avoid any violation of Louisiana Constitution Article VII, Section 14(A). A cooperative endeavor agreement is not necessary, and will sometimes not be practical, for short-term use situations. Instead, the police jury and recreation district could develop a rental contract to be used anytime a public entity is renting the space on short-term basis. Such a contract should include provisions which state the cost of using the facility as well as any other responsibilities the entity using the building would have to undertake (for example, a cleaning fee, cost of electricity, an indemnity clause, and restrictions on the use of the building, etc.). We recommend that the police jury and recreation district have their legal counsel review the contract form before renting out the space.
In conclusion, it is the opinion of this office that the police jury and recreation district may enter into a cooperative endeavor agreement to construct a community center/recreation complex. The complex may be constructed on land owned by either entity. The police jury and recreation district may allow long or short term use of the building by another public entity so long as they receive a value or benefit that is commensurate with the use of the facility. *Page 5 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
Lindsey K. Hunter
Assistant Attorney General
JDC/LKH/chb
[1] La.R.S. 33:1324 may sometime provide more specific authority for political subdivisions to enter into cooperative endeavor agreements. However, even when using La.R.S. 33:1324 as authority to cooperate, the public entities must ensure that the agreement does not violate La.Const. art. VII, Sec. 14(A).
[2] In any situation where a cooperative endeavor agreement is used, the public entity has an obligation to ensure that the agreement complies with the terms of La.Const. art. VII, Sec. 14(A), which prohibits public funds or property being gratuitously alienated. Board of Directors of theIndustrial Development Board of the City of Gonzales, Louisiana, Inc. v.All Taxpayers, Property Owners, Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20 (the "Cabela's" case). In order to ensure that the agreement does not violate La.Const. art. VII, Sec. 14(A), our office has consistently opined that a public entity spending the funds must have the legal authority to so do and must be able to show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
[3] La.Const. art. VI, Sec. 15 states that "[t]he governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency."
[4] Whichever entity's land is used in this project should include the value of the land when undertaking the Cabela's analysis discussed in footnote two.
[5] La.R.S. 33:4712(A) provides the following with respect to the lease of a building owned by a municipality: "A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes."